UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00574-MOC-DSC

| | | |
|---|---|---|
| **ERIC PLANT, LLC** | ) | |
| **ERIC PLANT**, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MICHAEL H WHITTAKER** | ) | |
| **DAVID BRINE** | ) | |
| **RAPID EPS LIMITED**, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on defendants' Motion to Dismiss. Having considered defendants' motion and reviewed the pleadings, the Court enters the following findings, conclusions, and Order staying consideration of the Motion to Dismiss pending the filing and resolution of the forecast -- but yet filed -- Motion for Leave to Amend.

This action concerns an agency relationship between the plaintiffs (a North Carolina limited liability corporation and its member) and defendants (a British manufacturer and its owners or directors). Defendants manufacture edge protection systems and plaintiffs are, or were, the exclusive agents for those products in North and South America. That relationship recently fell apart when, according to plaintiff, a change occurred in the management of the corporate defendant. Plaintiffs contend, *inter alia*, that when that occurred, the defendants terminated what had become a lucrative agency relationship and refused to pay earned commissions.

-1-

At the heart of the instant Motion to Dismiss is a 2016 agreement, which defendants contend contains a mandatory forum selection clause. The forum selection clause provides as follows:

> Each party hereby irrevocably agrees that the courts of England shall have exclusive jurisdiction to settle any dispute or claim arising out of or in connection with this agreement or its subject matter or formation (including non-contractual disputes or claims).

(# 1-2) at 34, Ex. A to Complaint, § 26. In conjunction with their argument that the agreement is void for lack of consideration, plaintiffs note that

> [t]he undersigned counsel did not receive the documents that form the basis for this contention until late November 19, 2018 and early November 20, 2018. Because Plaintiffs' time to amend their Complaint as a matter of course has passed pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiffs intend to file a motion for leave to amend their Complaint based on this new information.

Response (#6) at n. 1. Inasmuch as the October 2016 agreement containing the forum selection clause was annexed to the Complaint, the Court assumes that counsel is referring to other, earlier agreements between the parties.

Defendants have moved to dismiss under Rules 12(b)(1) and 12(b)(2), Federal Rules of Civil Procedure. While defendants also contend that this Court lacks personal jurisdiction over them under Rule 12(b)(2), the thrust of the argument is that this Court lacks subject-matter jurisdiction as the parties previously agreed to litigate any dispute in the Courts of England. When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiffs. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991), the Court of Appeals for the Fourth Circuit held, as follows:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69.

Where there is a forum selection clause, the proper procedure for enforcement is a motion under 28 U.S.C. § 1404(a). Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, ___ U.S. ___, 134 S. Ct. 568, 574 (2013). In determining whether dismissal pursuant to a forum selection clause is appropriate, a court must first determine whether the clause is mandatory or permissive. Garrett v. MD Rehab, LLC, 2016 WL 7478975, at *1 (W.D.N.C. Dec. 29, 2016) (citing Cable Tel Servs., Inc. v. Overland Contracting, Inc., 574 S.E.2d 31 (N.C. Ct. App. 2002)). A court must then determine if a forum selection clause is valid and enforceable. Id. at *5. If the clause is valid and enforceable, the clause is given controlling weight in all but the most exceptional cases, as the clause represents the parties' agreement as to the proper forum. Atl. Marine Const. Co., 134 S. Ct. at 574 (internal citations omitted). Finally, the court conducts an analysis under 28 U.S.C. § 1404(a), as set out by the Supreme Court. Id.

First, the court considers whether the forum selection clause in question is mandatory or permissive. North Carolina courts have held that a forum selection clause is not mandatory without

sufficient language indicating the parties' intent to make jurisdiction exclusive; for example, the word "shall," by itself, does not make a forum selection clause exclusive. See Garrett, 2016 WL 7478975 at *1. Here, the forum selection clause provides as follows:

> Each party hereby irrevocably agrees that the courts of England shall have exclusive jurisdiction to settle any dispute or claim arising out of or in connection with this agreement or its subject matter or formation (including non-contractual disputes or claims).

(# 1-2) at 34, Ex. A to Complaint, § 26. The Court finds that the forum selection clause contains more than just the word "shall;" it contains language supporting exclusivity of that provision, including the use of the terms "irrevocably agrees" and express use of the term "exclusive" in connection with the agreement to "settle any dispute or claim." As a result, the Court finds that the forum selection clause is mandatory.

Next, the Court considers whether the forum selection clause is valid and enforceable. Although forum selection clauses have a presumption of enforceability, the presumption may be overcome by a showing that the clause is unreasonable under the circumstances. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). The Court of Appeals for the Fourth Circuit has established a four-part test for determining whether a forum selection clause is unreasonable: (1) whether its formation was induced by fraud or overreaching; (2) whether the complaining party will be deprived of their day in court because of grave inconvenience or unfairness of the selected forum; (3) whether there is fundamental unfairness of the chosen law in depriving the plaintiff of a remedy; or (4) whether its enforcement would contravene a strong public policy of the forum state. See Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996).

Here, plaintiffs contend that the 2016 agreement was not supported by consideration and that the lack of consideration will -- now that counsel has received the necessary documents -- be

the subject of a forthcoming Motion to Amend.[1] In their reply brief, defendants have essentially argued the futility of that argument and potential amendment, pointing out several additional benefits plaintiffs received when they signed the October 2016 agreement, including the ability to represent and sell additional product lines and an extension of plaintiffs' exclusive right by some several months. Defendants contend that such additional consideration is good and valuable consideration as a matter of well-settled North Carolina law.

Procedurally, it is unclear why plaintiffs, having admittedly been supplied with the documents necessary to perfect its amendment (see Response at n.1, supra), have not yet moved to dismiss.[2] Plaintiffs argue in their Surreply, as follows:

> Plaintiffs are aware of the procedural problems raised by their discovery of the Initial Agreement after having filed their complaint. "Under the motion to dismiss standard, factual allegations, once plead, must be accepted as true." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 23 L. Ed. 2d 404, 89 S. Ct. 1843 (1969)). In this case, however, Plaintiffs have not yet had the opportunity to plead their facts in an amended complaint; they have simply put the Court and Defendants on notice that they intend to seek leave to do so.

While Rule 15(a) does contain a time limitation on the filing of a first *unilateral* amendment, see Rule 15(a)(1), nothing in Rule 15 prevents a party from moving *for leave* to file an amended complaint during the pendency of a motion to dismiss. Fed.R.Civ.P. 15(a)(2). This Court is hesitant to resolve a Rule 12(b)(1) motion when an anticipated Rule 15(a)(2) motion is dangling like the *Sword of Damocles* above its head. See Scott v. Family Dollar Stores, Inc., 733 F.3d 105 (4th Cir. 2013). In addition, the Court is mindful that where jurisdictional facts are intertwined

---

[1] The plaintiffs' do not explain why they have not yet filed a motion seeking leave to amend. While Rule 15(a) does contain a time limitation on filing a unilateral amendment after a motion to dismiss is filed, nothing in t Rule 15 prevents a party from *moving* for leave to file an amended complaint during the pendency of a motion to dismiss.

[2] In their Surreply, plaintiff argue that "this Court should … permit Plaintiffs to make their motion to amend their Complaint…. In order to allow this to occur, this Court should deny the Motion [to Dismiss]." Surreply (#13) at 1.

with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

While defendants have come forward with arguments in their Reply that the forum selection clause was supported by consideration, the Court finds it to be prudent to require plaintiffs to file their Motion to for Leave to Amend Complaint in advance of resolving the Motion to Dismiss. Once filed, the Court can then consider whether amendment is appropriate. If that motion is denied, the Court can then proceed with the instant Motion to Dismiss and reach the second issue under Section 1404. If amendment is allowed, then the Motion to Dismiss will be moot and defendants can, if the Amended Complaint so warrants, again move to dismiss. [3]

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion to Dismiss (#2) is **HELD IN ABEYANCE**, and plaintiffs are instructed to file their Motion for Leave to Amend, accompanied by a proposed Amended Complaint, within 14 days.

Signed: December 17, 2018

Max O. Cogburn Jr
United States District Judge

---

3    *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'") (*citing Crysen/Montenay Energy Co. v. Shell Oil Co.* 226 F.3d 160, 162 (2d Cir. 2000)); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2015) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.").